UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JITENDRAKUMAR PATEL,<br><br>Defendant | Criminal No.  26cr10096<br><br>Violation:<br><br>Count One: Conspiracy to Commit Visa Fraud (18 U.S.C. § 371)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(6)) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1.      JITENDRAKUMAR Patel ("JITENDRAKUMAR") was a resident of Marshfield, Massachusetts.

2.      RAMBHAI PATEL ("RAMBHAI") was a resident of Farmingdale, New York.

3.      Co-conspirator 1 ("CC-1") was a resident of New York.

4.      Store 1 was a business in Hingham, MA.

5.      Store 4 was a business in Marshfield, MA.

### Overview of the Conspiracy

6.      A U nonimmigration status ("U Visa") was available to victims of certain crimes who had suffered mental or physical abuse and who had been helpful to law enforcement in the investigation or prosecution of criminal activity.  Qualifying crime victims could apply for U Visa status by submitting a United States Customs and Immigration Services ("USCIS") Form I-918 petition ("U Visa application") and Form I-918 Supplement B ("Form 918-B").  The Form 918-B must have been signed by an authorized official of a certifying law enforcement agency,

1

confirming that the individual was a victim of a qualifying crime and had been or would be helpful in the investigation or prosecution of any resulting case. Extortion, false imprisonment, unlawful criminal restraint, and felonious assault were among the qualifying crimes for U Visa status.

7.     From at least March 2023 until October 28, 2023, RAMBHAI, CC-1, and other co-conspirators known and unknown to the Grand Jury organized and executed staged armed robberies of at least nine stores and fast-food restaurants across the United States, including five in Massachusetts.

8.     The co-conspirators conducted these staged robberies to provide bases for U-Visa applications to the purported victims of the robberies (*i.e.*, those in the stores acting as clerks, hereafter "purported victim co-conspirators"). RAMBHAI charged the purported victim co-conspirators thousands of dollars each to participate in the scheme and shared some of these profits with co-conspirators involved in conducting the staged robberies.

9.     During the staged robberies, the co-conspirator acting as the robber would brandish what appeared to be a firearm and demand money from the register, at least one purported victim co-conspirator would provide money from or access to the register, and the co-conspirator acting as the robber would escape to a nearby getaway car prior to the purported victim co-conspirators' calling the police.

10.    At least some of the purported victim co-conspirators of the staged robberies submitted Forms 918-B to local police departments, claiming that the staged robbery in which they were involved qualified as one of these crimes and requesting that local police certify that they qualify as victims. At least three such purported victim co-conspirators involved in the staged armed robberies in Massachusetts have submitted U-visa applications to USCIS

predicated on their alleged status as victims of the staged robberies.

## Object and Purpose of the Conspiracy

11.    The object of the conspiracy was to commit visa fraud.

12.    The principal purposes of the conspiracy were for JITENDRAKUMAR and others to fraudulently obtain U Visas; for RAMBHAI and other co-conspirators known and unknown to the Grand Jury to make money; and to conceal these actions from law enforcement.

## Manner and Means of the Conspiracy

13.    Among the manner and means by which JITENDRAKUMAR, RAMBHAI, CC-1, and other co-conspirators, known and unknown to the Grand Jury, carried out the conspiracy were the following:

a.    Arranging for staged armed robberies to be conducted at certain pre-determined business locations in Hingham, Massachusetts and Marshfield, Massachusetts;

b.    Collecting thousands of dollars from individuals in exchange for providing them the opportunity to participate as purported victims in one of the staged armed robberies;

c.    Paying store owners or managers for the use of their business locations to stage armed robberies;

d.    Conducting and participating in staged armed robberies;

e.    Falsely reporting armed robberies to police;

f.    Submitting and causing to be submitted Forms 918-B falsely claiming that JITENDRAKUMAR and the other purported victim co-conspirators were victims of actual crimes for the purpose of later obtaining a U Visa;

g.    Retaining and sharing the proceeds of these actions with co-conspirators who helped stage the armed robberies.

Overt Acts in Furtherance of the Conspiracy

14.    From on or about March 1, 2023 through on or about October 28, 2023, JITENDRAKUMAR, RAMBHAI, CC-1, and co-conspirators known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.    JITENDRAKUMAR arranged with RAMBHAI to set up a staged armed robbery at Store 1, in Hingham, Massachusetts, in which JITENDRAKUMAR and two other individuals would participate as purported victims for the purpose of obtaining U-Visas.

b.    On March 22, 2023, at the direction of RAMBHAI, CC-1 committed a staged armed robbery at Store 1.

c.    JITENDRAKUMAR paid RAMBHAI $60,000 for the three purported victims, including himself, to participate in this staged armed robbery.

d.    When police arrived at Store 1, JITENDRAKUMAR reported that a man had entered the store, brandishing a handgun and demanding all the money in the register.

4

e.   JITENDRAKUMAR provided security footage to the police and asked police to seek medical assistance for one of the other "victims" because of their high blood pressure.

f.   JITENDRAKUMAR arranged with RAMBHAI to set up another staged armed robbery at Store 4 in Marshfield, Massachusetts, for the purpose of obtaining U-Visas for JITENDRAKUMAR's brother-in-law and two other purported victims.

g.   On June 9, 2023, at the direction of RAMBHAI, CC-1 committed a staged armed robbery at Store 4.

h.   After the staged robbery at Store 1, JITENDRAKUMAR and the other two purported victims of the robbery requested that local police certify an attached Form 918-B, verifying that they had been victims of a qualifying crime for purposes of applying for a U-visa.

## COUNT ONE
Conspiracy to Commit Visa Fraud
(18 U.S.C. § 371)

The Grand Jury charges:

15.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-14 of this Indictment.

16.     From at least on or about March 1, 2023 through on or about October 28, 2023, in the District of Massachusetts, and elsewhere, the defendant,

JITENDRAKUMAR PATEL,

conspired with others known and unknown to the Grand Jury to commit an offense against the United States, to wit, Conspiracy to Commit Visa Fraud, that is, to knowingly make under oath, and knowingly subscribe as true, any false statement with respect to a material fact in any application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly present any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact, and to knowingly obtain, accept, and receive any such visa knowing it to have been procured by means of any false claim or statement, and to have been otherwise procured by fraud and unlawfully obtained.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(6))

The Grand Jury further finds:

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 371, set forth in Count One, the defendant,

### JITENDRAKUMAR PATEL,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(6), any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense, and any property, real or personal, which constitutes, or is derived from proceeds traceable to the offense and/or was used to facilitate, or was intended to be used to facilitate, the commission of the offense.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(6), as a result of any act or omission of the defendants –

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(6).

A TRUE BILL

\FOREPERSON

ELIANNA J. NUZUM
JESSICA L. SOTO
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: APRIL 7, 2026
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira, 1:51pm

DEPUTY CLERK

8